DOMENGEAUX, Judge.
The sole issue on this appeal is whether or not there was a meeting of the minds between the parties to effect an oral pledge[1] of the plaintiff’s money market account with the defendant to secure a loan by the bank to a third party. The trial judge found there was and that the account had been properly applied by the bank under the pledge in payment of the loan which had not been paid at maturity. *54 Upon dismissal of its suit, the plaintiff has appealed. We affirm.[2]
On November 16, 1984, following long distance telephone conversations between Robert B. Renner and Howard Hob-son, the respective presidents of plaintiff and defendant, the plaintiff sent $15,000.00 by telegram to the defendant to be deposited in its name. On the same day the bank loaned William J. Johnson, an oil operator, a like amount.
Hobson testified that Renner wanted Johnson to get a loan without delay to be used in connection with their oil venture. When he told him the bank would not make such a loan unless it was 100% secured by a certificate of deposit or a money market account, the plaintiff wired the money that day to be pledged against the loan to be made to Johnson. On the other hand, Ren-ner denied he had agreed to any pledge over the telephone. He said the money was sent to the bank to open an operating account in plaintiff’s name to be used by it in a drilling program it planned in the Many area. However, he indicated that he was planning to execute a similar pledge when he came to Many several days later if he found the Johnson deal had been properly documented. Mr. Renner did not travel to Many as he had suggested and apparently his agreement with Johnson fell through. Plaintiff seeks to recover the $15,000.00 in this suit.
The court believed Mr. Hobson’s testimony and concluded there was a meeting of the minds of the parties to effect a valid verbal pledge of the funds in the plaintiff’s money market account to secure the loan to Johnson. A trial judge’s factual findings, particularly where credibility of the witnesses are concerned, are entitled to great weight and will not be disturbed on appeal unless clearly wrong. Dugas v. Mouton, 460 So.2d 739 (La.App. 3rd Cir.1984).
From our review of the record we certainly cannot say the trial judge was clearly wrong in his determination that a valid pledge was effected in this instance. Accordingly, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.

. No written agreement is required where it is proved that the parties intended there be a pledge and the subject thereof is delivered to the pledgee. Plumbing Supply House v. Century Nat. Bank, 440 So.2d 173 (La.App. 4th Cir.1983); writ denied, 444 So.2d 1226 (La.1984).

. The chronology of this suit is as follows: Plaintiff sued defendant bank for the amount which it had deposited with the latter, claiming that the bank refused to allow plaintiff to withdraw the amount. The bank answered, asserting that the amount had been pledged by plaintiff to cover a loan made by defendant to Wil-Iiam D. Johnson, who defaulted. The bank additionally third-partied Johnson for the amount claimed should the plaintiff secure judgment against it. The decision of the district court on the main demand caused the third party demand to be rejected as moot.